FILED
APR 26 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JihShyr Yih

       Plaintiff,

vs.

Taiwan Semiconductor Manufacturing Company, Ltd.; Taiwan Semiconductor Manufacturing Company, North America; and TSMC Technology, Inc.

       Defendants.

CASE NO. C 23 02033

EMPLOYMENT DISCRIMINATION COMPLAINT
DEMAND FOR JURY TRIAL

1.  Plaintiff resides at:

  Address    2474 Trelawn Street,

  City, State & Zip Code   Yorktown Heights, NY 10598

  Phone    914-440-3478

2.  Defendants are located at: 8, Li-Hsin Rd. 6, Hsinchu 300-78, Taiwan; 2851 Junction Ave, San Jose, CA 95134; and 2851 Junction Ave, San Jose, CA 95134; respectively

3.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination ("Title VII"). Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4.  The acts complained of in this suit concern:

  a.  _x_ Failure to employ me.

  b.  __ Termination of my employment.

Form-Intake 2 (Rev. 4/05)      - 1 -

c. __ Failure to promote me.

d. _x_ Other acts as specified below.

  <u>Deny me employment, in violations of Age Discrimination in Employment Act of</u>
  <u>1967 ("ADEA"), 29 U.S.C. §§ 621 to 634, and State of California's Fair</u>
  <u>Employment and Housing Act ("FEHA") §§ 12900 to 12996; and</u>
  <u>Retaliations to deny me employment, in violations of ADEA, Title VII, and FEHA.</u>

5. Defendants' conduct is discriminatory with respect to the following:

  a. __ My race or color.

  b. __ My religion.

  c. _x_ My sex.

  d. _x_ My national origin.

  e. _x_ Other as specified below.

  <u>My age. My marital and familial status. Retaliations to my protected activity.</u>

6. The basic facts surrounding my claim of discrimination are:

  <u>See attached pages 4-12.</u>

7. The alleged discrimination occurred on or about <u>10/03/2017</u>.
                                                        (DATE)

8. I filed charges with the Federal Equal Employment Opportunity Commission (or the California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)                    - 2 -

discriminatory conduct on or about   10/30/2017                         .
                                                (DATE)

9.  The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached), which was received by me on or about   02/05/2018                         .
                                                (DATE)

10. Plaintiff hereby demands a jury for all claims for which a jury is permitted:

    Yes  x        No  ____

11. WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees.

DATED:  04/20/2023                             */s/ JihShyr Yih*
                                               SIGNATURE OF PLAINTIFF

(PLEASE NOTE: NOTARIZATION            JihShyr Yih
IS NOT REQUIRED.)                     PLAINTIFF'S NAME
                                      (Printed or Typed)

Form-Intake 2 (Rev. 4/13)

## PERSONAL JURISDICTION AND VENUE

12. Defendants, Taiwan Semiconductor Manufacturing Company, North America ("TSMC NA") and TSMC Technology Inc. ("TSMC Tech"), are fully owned subsidiaries of defendant, Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC").

13. All three defendants together are referred to herein as "TSMC Pack."

14. The two subsidiaries ("TSMC Subs") are headquartered in San Jose, California.

15. TSMC uses its corporate identity to procure labor for TSMC Subs.

16. The venue is proper because of the above facts.

17. The issue of personal jurisdiction over TSMC was adjudicated before the Court and found lacking in a related case.

18. In this action, the non-identical personal jurisdiction over TSMC issue is based on new TSMC employment events, new TSMC recruitment and labor procurement activities for TSMC Subs, and TSMC business activities, all in California, which events and activities either did not happen before the commencement of any related case or are impossible, for Plaintiff to discover for any related case with due diligence.

19. TSMC Subs were inadequately capitalized and are not adequately setup in a way from which Plaintiff can collect the full pecuniary damages.

20. The Court may have general personal jurisdiction over TSMC because TSMC and TSMC Subs are alter egos.

21. TSMC operates in the U.S., including California, having employees work regularly there for local business.

22. TSMC derives from California substantial proportions, about 67%, of its annual revenues via TSMC Subs in the State.

23. TSMC targets or directs to California by recruiting and procuring labor who seek TSMC jobs to fill TSMC Subs jobs located in the State.

24. Employment in California or having an employee regularly work within the State, creates **substantial** business contacts **in quality** for an employer with the forum state.

25. TSMC retained an agent, Lighthouse Global Resources ("LGR"), to recruit Plaintiff for TSMC Pack jobs that had or required a work location in California.

26. LGR operates in California.

27. LGR had a dedicated TSMC Account Manager and headhunter, Tammy Lee ("Ms. Lee"), and a headhunter, Jun Huang ("Mr. Huang"), for the recruitment of Plaintiff.

28. The Court may have specific personal jurisdiction over TSMC because Plaintiff has a claim that TSMC unlawfully denied him a TSMC Pack job that had a work location in California so that he suffers job loss in the State, which claim arises from that TSMC employs in the State or procures labor for TSMC Subs jobs located in the State.

29. TSMC answered before the Court without its due process right violated.

## THE PARTIES

30. Plaintiff, JihShyr Yih, is an engineer and a U.S. citizen, who resides in the U.S. since 1983. He has a PhD in computer science and engineering from the Univ. of Michigan. He worked for over two decades at the Thomas J. Watson Research Center ("IBM Watson") of the International Business Machines Corporation mostly in Yorktown, New York, regularly in Almaden, California and other locations worldwide for local business.

31. Plaintiff is an expert of (a) **semiconductors** in computer-aided design for electronic chips, (b) **planning** and **administration** for large organizations, e.g., as chief of staff for 550 strong world-class researchers and engineers and over $100 million in annual budgets in IBM Watson, (c) **information technology** ("IT"), when in IBM he was among the order of

fewer than 200 topmost IBM technical contributors for serving as the technical leader of the IBM's very own Sales and Distribution value chains transformation, a role recommended by the stakeholders across the company based on his similar achievements for clients, achieving over $50 million in cost saving attributed to him, and (d) **human resources**, having served as a hiring committee chair of IBM Watson for years.

32. TSMC is a chip manufacturer with operations in the Silicon Valley. In 2020, over 60% of TSMC's sales came from U.S. headquartered companies, and many of their key customers are Silicon Valley's extensive and innovative technology firms. TSMC is dominated by U.S. sales operations.

33. TSMC is dominated by Americans, as founder, chairman, co-CEO, investors, board directors, and corporate management team executives.

34. TSMC is a U.S. employer to its U.S. citizen employees worldwide under ADEA and Title VII because it is dominated by U.S. investments, sales operations, and management.

35. TSMC consumes a substantial amount of electricity produced by Taiwan and natural resources of Taiwan, e.g., over 6% of the electricity, projected to be 12.5% in 2025.

36. TSMC receives a substantial amount of human rights complaints from about one in every ten employees annually, including its supervisors questioning job seekers for their protected characteristics unrelated to their jobs.

## PROCEDURES

37. After obtaining the Notice-of-Right-to-Sue letter, Plaintiff timely filed a first action in New York, a second in California, and a third in New York, all dismissed for lack of personal jurisdiction. Plaintiff timely files this fourth action.

## FACTS

38. On or about 07/14/2017, Mr. Huang solicited Plaintiff for an initial job in TSMC.

- 6 -

39. On or about 07/31/2017, Ms. Lee made a call to Plaintiff at his house in New York. Plaintiff expressed to Ms. Lee his interest to work in California and New York. Ms. Lee then recruited Plaintiff for TSMC Pack jobs that had a work location in California.

40. For recruitment, Mr. Huang and Ms. Lee called Plaintiff at his house time and again.

41. On or about 08/02/2017, TSMC Human Resources Manager, Wenwei Willie Chang ("Mr. Chang"), accompanied by another HR manager interviewed Plaintiff at home using a Skype video call followed by a telephone call for a total of about 80 minutes.

42. Plaintiff gave Mr. Chang two references, his formal IBM Watson peers, friends, and college schoolmates, both were working in the TSMC corporate management team as Sr. VP Research & Development and VP Corporate Research Chief Technology Officer.

43. Chang intended to discriminate by asking Plaintiff about his graduation year from college, which is to discover his age because normally students graduate from his college at 22 or older, his marriage status, number of children, and whether his spouse was working.

44. Plaintiff considered these questions irrelevant, and challenged Chang with "Why are you asking these?" Plaintiff nevertheless answered that he graduated from college in 1981, headed for the U.S. in 1983 for graduate studies, and was married with two children. Plaintiff graduated in 1981 from college 22 years old and was about 58 at the time in 2017 as a job seeker in the protected age group.

45. Chang recruited Plaintiff for jobs, including one that sounded like a VP Corporate Planning ("VP CPO").

46. On or about 08/07/2017, Mr. Huang confirmed to Plaintiff that he was indeed recruited for a job as VP CPO based on needs of TSMC: a) to develop holistic business intelligence and corporate planning for CEO decisions over sales, marketing, customer service, and value chain processes, and b) to transform the incompatible efforts, which the

two co-CEO's and the Chairman had problems making use of, by the current VP CPO, Irene Sun ("Ms. Sun"), and by Stephen T. Tso ("Mr. Tso"), head of IT, Sr. VP, Chief Information Officer ("CIO"), and c) to coordinate organizations across the company and to work regularly at client sites worldwide.

47. On or about 08/07/2017, Chang emailed Plaintiff with compliment and that TSMC would continue the hiring process, and the next step was to interview with the current VP CPO, Ms. Sun, who was also Plaintiff's former IBM Watson colleague, whose husband mentored Plaintiff at IBM Watson.

48. On or about 09/05/2017, Plaintiff also received an email from Mr. Huang about the TSMC evaluations on Plaintiff's excellent qualifications and interview performance.

49. Mr. Huang also recruited Plaintiff for the CIO position, which was required to work in California regularly with clients there. This job was of a higher priority to be filled for the all important TSMC IT operations.

50. Plaintiff's aforementioned former IBM Watson colleagues recommended Plaintiff to join their team and recruited Plaintiff for the aforementioned jobs.

51. The CIO job opening at the time was not documented by the HR nor posted openly.

52. TSMC commonly has multiple executives of a common job title, such as co-CEO and Sr. VP Research & Development.

53. For the aforementioned jobs, Plaintiff's hiring managers included Mr. Morris Chang, Mr. Mark Liu, Mr. C. C. Wei, Mr. Tso, and Ms. Sun, who were board directors and/or in the corporate management team.

54. As expected, on or about 09/25/2017 late evening, the current CIO, Mr. Tso, interviewed Plaintiff at his house using a Skype video call. Mr. Tso was accompanied by HR Director, Hen-Yih Chao ("Mr. Chao"), and IT Sr. Director, Thomas Chen ("Mr. Chen").

55. Mr. Tso requested from Plaintiff a list of names to be submitted after the interview for reference check. Plaintiff right away gave the name and the following information of a college professor ("Professor P") to Mr. Tso as a reference. Professor P hired Plaintiff as an undergraduate assistant and has deemed him his best student. Professor P becomes the Chief Technology Officer of one of the largest computer manufacturers in the world. Professor P interacts with Plaintiff professionally ever since Plaintiff graduated from college in 1981.

56. At the interview, no TSMC supervisor objected to "Professor P" as a reference.

57. Mr. Tso switched to Plaintiff's family and intended to discriminate by asking: "How many children do you have?", "How old are your children?", "What are your children doing now?", "What future schools are your children going to attend?", "Are you married?", and "Does your wife work?"

58. Plaintiff was upset by these questions but still answered that he was married with two children, aged 23 and 21, still in schools and dependents of his, in the U.S.

59. Plaintiff protested to these prying questions and replied: "However, it is not for me to decide what my children want to do in the future," and "why don't you ask them yourself?"

60. Mr. Tso abruptly stood up and ended the interview and left the video conference room without saying goodbye. Mr. Chao and Mr. Chen both looked embarrassed and also left the room holding their heads low.

61. No job qualifying questions were asked for IT positions. The interview was cut short to about 20 minutes.

62. Right after the above interview, Plaintiff received an email from Mr. Huang, who was eager to hear how the interview went and expected to hear good news. Plaintiff replied to Mr. Huang and Ms. Lee, that he was offended by Mr. Tso's inappropriate questions.

63. Three days after the interview, on or about 09/28/2017, Plaintiff emailed Mr. Chang,

a list of eleven names as references to satisfy Mr. Tso's request.

64. On or about 10/03/2017, Ms. Lee called Plaintiff to relay rejections of all jobs with feedback blaming Plaintiff for being "too senior to fit in." Plaintiff felt extremely offended by this explanation, and wrote to Mr. Huang and Ms. Lee that he was discriminated and retaliated against by TSMC.

65. Consequently on or about 10/05/2017, Mr. Chao telephoned Plaintiff to hear his concerns and his demand that TSMC correct these prohibited recruitment practices.

66. On or about 10/13/2017, Plaintiff received a letter from TSMC counsel, explaining that Plaintiff was denied employment because Plaintiff failed to provide a list of persons for reference check during the Preliminary Video Interview. TSMC counsel also explained that these family related questions were asked because TSMC supervisors expected problems and issues due to Plaintiff and family having stayed in the U.S. many (34) years.

67. On or about 10/17/2017, Plaintiff learned from the media that Mr. Tso was to retire on 03/01/2018. Existing TSMC employees J. K. Lin ("Mr. Lin") and Mr. Chen were to share the IT responsibilities because both were Taiwan homegrown talents. They are to shift spending from overseas to Taiwan, affecting about $10 billion in annual capital spending.

68. On or about 04/16/2018, TSMC counsel sent another letter, explaining that the TSMC supervisors considered Professor P an irrelevant acquaintance of Plaintiff.

69. After Mr. Lin and Mr. Chen took over IT, they were responsible for multiple, several days long production shutdowns, causing TSMC hundreds of million dollars in lost revenue and extensive delays in shipping to clients.

70. Both Mr. Lin and Mr. Chen were significantly younger than Plaintiff, not more qualified, and not of American national origin, and not having a family that has lived in the U.S. for many years to relocate to Taiwan.

## AS AND FOR A FIRST SET OF CAUSES OF ACTION

71. Plaintiff repeats and re-allegates each allegation contained in paragraphs 1 through 70 of the Complaint, as though fully set forth herein.

72. TSMC **retaliated** against Plaintiff, for which TSMC Subs are also liable, in violations of ADEA **(Claim 1)**, Title VII **(Claim 2)** and FEHA **(Claim 3)** by denying him employment in TSMC Pack because of his objections to the inappropriate questions of TSMC supervisors about his age, national origin, and sex in terms of marital and familial status.

## AS AND FOR A SECOND SET OF CAUSES OF ACTION

73. Plaintiff repeats and re-allegates each allegation contained in paragraphs 1 through 70 of the Complaint, as though fully set forth herein.

74. TSMC treated Plaintiff less favorably based on his **age**, for which TSMC Subs are also liable, in violations of ADEA **(Claim 4)** and FEHA **(Claim 5)** by denying him employment in TSMC Pack because he was about of age 58, and was deemed too senior to fit in; by rejecting Plaintiff's college professor as a reference in order to support the pretext of denying Plaintiff employment for lack of reference, but for the age discrimination so that the professor appeared to be an acquaintance about 36 years ago, whereas such a reference would normally be accepted; by expressing age concerns about his having stayed in the U.S. for about 34 years would cause problems and issues; by selecting a person significantly younger and no more qualified for a job, but not Plaintiff.

## AS AND FOR A THIRD SET OF CAUSES OF ACTION

75. Plaintiff repeats and re-allegates each allegation contained in paragraphs 1 through 70 of the Complaint, as though fully set forth herein.

76. TSMC treated Plaintiff less favorably based on his **national origin**, for which TSMC

Subs are also liable, in violations of Title VII **(Claim 6)** and FEHA **(Claim 7)** by denying him employment in TSMC Pack because of his having stayed in the U.S. for about 34 years, his American background, and the need to appease the national and local governments and the population in Taiwan by preferring homegrown talents over Plaintiff; by selecting a person not of American national origin for a job, but not Plaintiff.

## AS AND FOR A FORTH CAUSES OF ACTION

77. Plaintiff repeats and re-allegates each allegation contained in paragraphs 1 through 70 of the Complaint, as though fully set forth herein.

78. TSMC treated Plaintiff less favorably based on **sex** in terms of his **marital and familial status**, for which TSMC Subs are also liable, in violations of Title VII **(Claim 8)** and FEHA **(Claim 9)** by denying him employment in TSMC Pack because his spouse and children have stayed in the U.S. for many years would have problems and issues accompanying him for a TSMC Pack job in Taiwan; by selecting a person who was not married with children having stayed in the U.S. for many years to relocate to Taiwan for a TSMC Pack work location in Taiwan, but not Plaintiff.

## DAMAGES

79. As a result of the retaliations and discrimination, Plaintiff has and continues to suffer lost wages, emotional distress, lost employment benefits, loss career opportunities, other pecuniary damages, and costs in the prosecution of his claims.

80. TSMC's unlawful conduct, for which TSMC Subs are also liable, was willful, wanton, and egregious and Plaintiff is entitled to punitive damages.

81. The total amount of damages is more than $75,000.

- 12 -



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
(212) 336-3620
TTY (212) 336-3622

February 1, 2018

Jishyr Yih
2474 Trelawn Street
Yorktown Heights, NY 10598

Re:   *Jihshyr Yih v. Taiwan Semiconductor Manufacturing Company*
      *EEOC Charge No.: 520-2018-01574*

Dear Mr. Yih:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. The procedures apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

You allege that you were discriminated against by Taiwan Semiconductor Manufacturing Company on the basis of your age, in violation of the Age Discrimination in Employment Act. In accordance with our procedures, the Commission has evaluated your charge based upon the information you submitted, the EEOC has decided not to further pursue its investigation of your charge. This determination is final.

Enclosed is your Dismissal and Notice of Rights. If you wish to pursue this matter further in federal court, your lawsuit must be filed within 90 days of your receipt of the Notice; otherwise your right to sue will be lost.

Please contact Federal Investigator Mabel Tso at (212) 336-3762 if you have any questions.

Sincerely,

_____ /MT
Kevin J. Berry
District Director
enc.

| EEOC FORM 131 (11/09) | **U.S. Equal Employment Opportunity Commission** | |
|---|---|---|
| | | PERSON FILING CHARGE |
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY<br>8, Li-Hsin Road<br>6, Hsinchu Science Park<br>Hsinchu 300-78, | | **Jihshyr Yih** |
| | | THIS PERSON *(check one or both)*<br>☐ Claims To Be Aggrieved<br>☒ Is Filing on Behalf of Other(s) |
| | | EEOC CHARGE NO.<br>**520-2018-00491** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

☐ Title VII of the Civil Rights Act (Title VII)   ☐ The Equal Pay Act (EPA)   ☐ The Americans with Disabilities Act (ADA)

☒ The Age Discrimination in Employment Act (ADEA)   ☐ The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. ☒ No action is required by you at this time.
2. ☐ Please call the EEOC Representative listed below concerning the further handling of this charge.
3. ☐ Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.
4. ☐ Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.
5. ☐ EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to

   If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Mabel Tso,<br>Investigator | **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004**<br>**Fax: (212) 336-3625** |
|---|---|
| EEOC Representative | |
| Telephone **(212) 336-3762** | |

Enclosure(s): ☒ Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION
☐ Race   ☐ Color   ☐ Sex   ☐ Religion   ☐ National Origin   ☒ Age   ☐ Disability   ☐ Retaliation   ☐ Genetic Information   ☐ Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| February 1, 2018 | **Kevin J. Berry,**<br>**District Director** | *[signed]* Kevin J. Berry |

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Jihshyr Yih<br>2474 Trelawn Street<br>Yorktown Heights, NY 10598 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-00491 | Mabel Tso,<br>Investigator | (212) 336-3762 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*                                                              February 1, 2018

Enclosures(s)                    **Kevin J. Berry,**                      *(Date Mailed)*
                                 **District Director**

cc:

**TAIWAN SEMICONDUCTOR MANUFACTURING
COMPANY**
8, Li-Hsin Road
6, Hsinchu Science Park
Hsinchu 300-78,