United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIHSHYR YIH,

                Plaintiff,

       v.

TAIWAN SEMICONDUCTOR
MANUFACTURING COMPANY, LTD., et al.,

                Defendants.

Case No.  23-cv-02033-JSW

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS, DENYING
MOTION FOR SANCTIONS, AND
GRANTING MOTION TO DECLARE
PLAINTIFF A VEXATIOUS LITIGANT**

Re: Dkt. Nos. 39, 40, 53, 54

Now before the Court are several motions:  (1) Defendant Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC")'s motion to dismiss; (2) Defendants TSMC North America and TSMC Technology, Inc.'s motion to dismiss and for judgment on the pleadings; (3) Defendants' motion for sanctions; and (4) Defendants' motion to declare Plaintiff a vexatious litigant.  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and HEREBY GRANTS Defendants' motions to dismiss, DENIES Defendants' motion for sanctions, and GRANTS Defendants' motion to declare Plaintiff a vexatious litigant.

## BACKGROUND

This action involves allegations of hiring discrimination committed by Defendant TSMC against Plaintiff, a United States citizen residing in New York.  Plaintiff, an engineer with a PhD in Computer Science and Engineering from the University of Michigan – Ann Harbor, interviewed in December 2017 with TSMC, a Taiwanese corporation whose sole business is manufacturing semiconductor devices for use in various electronic products, such as phones and computers.  The company chose not to hire Plaintiff.

United States District Court
Northern District of California

On April 6, 2017, Willie Chang from TSMC's Recruiting Department sent a search request for a Senior Business Intelligence Analyst to Lighthouse Global Recruiting ("Lighthouse"), a Singapore-based headhunting firm.  (Dkt. No. 39-1, Declaration of Wenwei Chang ("Chang Decl.") ¶ 3, Ex. A.)  The search request indicated that the job was in Hsinchu, Taiwan.  *Id.*  On July 31, 2017, Lighthouse submitted Plaintiff as a potential candidate for the position and noted that he was open to relocating.  (*Id.* ¶ 5, Ex. B at 1, 3.)  On August 3, 2017, Mr. Chang and a Section Manager from TSMC's Recruiting Department conducted a screening interview with Plaintiff via Skype.  (*Id.* ¶ 6.)  Employees of TSMC involved in the interview were located in Hsinchu, Taiwan and Plaintiff was located at his home in New York.  (*Id.* ¶¶ 6, 41.)  During the interview, Mr. Chang asked questions related to Plaintiff's family based on the fact that, if TSMC hired Plaintiff, he would need to relocate to Taiwan and the company would assist Plaintiff's family members in transferring schools or seeking employment in Taiwan.  (*Id.* ¶ 6.)  After the interview, the hiring manager for the Senior Business Intelligence Analyst position determined that Plaintiff did not have the appropriate background or qualifications for the position and noted that his background was focused on information technology.  (*Id.* ¶ 7.)  Mr. Chang then suggested that Plaintiff be considered for TSMC's Information Technology ("IT") Department.  (*Id.* ¶ 9.)  Although there was not a specific position open in the department, TSMC was interested in external talent and experience.  (*Id.*)  Had Plaintiff been hired, his position would have been in Taiwan, as almost all of the IT Department positions were located in Taiwan at the time.  (*Id.* ¶ 10.)

On September 25, 2017, TMSC IT managers conducted a brief Skype interview with Plaintiff from their headquarters in Hsinchu, Taiwan.  (*Id.* ¶ 54.)  Plaintiff alleges he was again asked questions about his family during this interview.  (*Id.* ¶ 57.)  On October 3, 2017, TSMC informed Lighthouse that they were not interested in hiring Plaintiff and Plaintiff learned of this decision on the same day.  (*Id.* ¶ 64.)  Plaintiff complained to Lighthouse that he was offended by the family-related questions during his interview.  (*Id.* ¶¶ 62, 64.)  Plaintiff then filed a charge with the Equal Employment Opportunity Commission dated October 30, 2017, alleging that TSMC had discriminated against him on the basis of his age and retaliated against him for complaining about

1   the interview.  (*Id.* ¶ 8.)  In February 2018, the EEOC dismissed the charge and issued a Notice of

2   Right to Sue.  (*Id.* ¶ 13.)

3        This is the fourth lawsuit Plaintiff has filed against TSMC in the past five years, each

4   alleging materially identical claims.  Plaintiff has repeatedly charged TSMC with employment

5   discrimination for the company's failure to fire him.  First, Plaintiff filed suit in the Southern

6   District of New York.  The court dismissed the suit, holding that TSMC, a Taiwanese company

7   with de minimis contacts in New York, was not subject to personal jurisdiction in New York.  *Yih*

8   *v. Taiwan Semiconductor Mfg. Co.*, No. 18-CV-3844 (CS), 2019 WL 2578306 (S.D.N.Y. June 24,

9   2019) ("*Yih I*").  The Second Circuit affirmed.  *Yih v. Taiwan Semiconductor Mfg. Co.*, 815 F.

10  App'x 571 (2d Cir. 2020) ("*Yih II*").  In affirming, the Second Circuit held that the two Skype

11  interviews and emails through a foreign third-party agent were too limited to amount to a

12  purposeful transaction of business in New York.  *Yih II*, 815 F. App'x at 574-75.

13       Then again, on September 20, 2021, Plaintiff sued TSMC for the third time about his job

14  search in 2017, this time in New York state court, alleging claims exclusively under state law.  *Yih*

15  *v. Taiwan Semiconductor Mfg. Co.*, No. 21-CV-8828 (KMK), 2022 WL 1597541, at *1 (S.D.N.Y.

16  May 19, 2022) ("*Yih V*").  After TSMC removed to federal court, the court dismissed the

17  complaint, this time on the ground that collateral estoppel barred Plaintiff from re-litigating

18  whether TSMC was subject to personal jurisdiction in New York.  *Id.* at *8-10.  The Second

19  Circuit again affirmed, holding that Plaintiff's purported "new" evidence and new theories of

20  personal jurisdiction could have been raised previously and thus were not a way around

21  preclusion.  *Yih v. Taiwan Semiconductor Mfg. Co.*, No. 22-1283, 2023 WL 2336290, at *1-2 (2d

22  Cir. Mar. 3, 2023) ("*Yih VI*").

23       Plaintiff then filed a materially identical complaint in the Northern District of California,

24  but with new allegations that attempted to support jurisdiction in California.  Judge Davila

25  dismissed that action for lack of personal jurisdiction, given TSMC's limited contacts with

26  California.  *Yih v. Taiwan Semiconductor Mfg. Co.*, No. 5:20-CV-04184-EJD, 2020 WL 6290377

27  (N.D. Cal. Oct. 27, 2020) ("*Yih III*").  The Ninth Circuit affirmed.  *Yih v. Taiwan Semiconductor*

28  *Mfg. Co.*, 857 F. App'x 318 (9th Cir. 2021) ("*Yih IV*").  Plaintiff then sued once more in New

United States District Court
Northern District of California

York, where his lawsuit was again dismissed on the ground that Plaintiff could not relitigate whether TSMC was subject to personal jurisdiction in New York. *Yih v. Taiwan Semiconductor Mfg. Co.*, No. 21-CV-8828 (KMK), 2022 WL 1597541 (S.D.N.Y. May 19, 2022). ("*Yih V*"). The Second Circuit affirmed. *Yih v. Taiwan Semiconductor Mfg. Co.*, No. 22-1283, 2023 WL 2336290 (2d Cir. Mar. 3, 2023) ("*Yih VI*").

Plaintiff then filed suit in the Northern District of California, alleging the same factual premise for his discrimination claims, except that Plaintiff replaced his New York state-law claim with a comparable claim under the California Fair Employment and Housing Act ("FEHA"). Plaintiff alleges that TSMC was subject to personal jurisdiction in California in part due to its alter ego relationship with TSMC NA. *See Yih III*, 2020 WL 6290377, at \*4-7. Judge Davila dismissed this complaint for lack of subject matter jurisdiction on the basis that TSMC was not subject to general jurisdiction in California, TSMC and TSMC NA were not alter egos, and TSMC was not subject to personal jurisdiction because Plaintiff's claims were unrelated to any contact TSMC had with California. *Yih III*, 2020 WL 6290377, at \*4-9. The Ninth Circuit affirmed the dismissal. *Yih IV*, 857 F. App'x at 319.

Now in his second attempt to secure personal jurisdiction in California, Plaintiff filed this current lawsuit on April 26, 2023, and added two new defendants, TSMC North America ("TSMC NA") and TSMC Technology, Inc. ("TTI"), subsidiaries of TSMC that have a presence in California. Plaintiff again alleges that TSMC is an alter ego of both TSMC NA and TTI and they are also liable for TSMC's action. (Compl. ¶¶ 20, 72, 74, 76, 78.) Plaintiff does not allege that the subsidiaries had any independent role in the decision not to hire him. Plaintiff makes the conclusory allegation that both companies are alter egos of TSMC, but the complaint does not support these assertions with any factual allegations.

As is clear from the record before the Court, TSMC is a separate and distinct corporate entity from both subsidiaries. (Dkt. No. 39-2, Declaration of Hen-Yih Chao ("Chao Decl.") ¶¶ 9, 18.) TSMC has always operated in a separate corporate facility in a different country from its subsidiaries, it maintains accounting records, books, and bank accounts that are all separate from its subsidiaries' and has never commingled assets or funds. (*Id.* ¶¶ 12, 13, 21, 22.) Each entity

4

1    enters into its own facility leases and pays rent from its own bank account and files its own taxes.

2    (*Id.* ¶¶ 13, 14, 22, 23.)  Based on these facts, Judge Davila already found that TSMC NA is not an

3    alter ego of TSMC.  *See Yih III*, 2020 WL 6290377, at \*5-7.

4        In response to the fourth iteration of the complaint against TSMC, Defendants move to

5    dismiss, as well as move for the Court to impose sanctions on Plaintiff and to declare him a

6    vexatious litigant.  The Court shall address additional relevant facts in the remainder of its order.

7                                        **ANALYSIS**

8    **A.    Legal Standard on Motion to Dismiss.**

9        A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

10   pleadings fail to state a claim upon which relief can be granted.  A court's "inquiry is limited to

11   the allegations in the complaint, which are accepted as true and construed in the light most

12   favorable to the plaintiff."  *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

13   Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's

14   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

15   conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell*

16   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286

17   (1986)).

18       Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but

19   must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

20   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

21   draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

22   *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  In reviewing the plausibility

23   of a complaint, courts "accept factual allegations in the complaint as true and construe the

24   pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire &*

25   *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, courts do not "accept as true

26   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

27   inferences."  *In re Gilead Scis. Sec. Litig.*, F.3d 1049, 1055 (9th Cir. 2008).

28       If the Court determines that a complaint should be dismissed, it must then decide whether

1    to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to

2    amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose

3    of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities."

4    *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation

5    marks omitted).  When dismissing a complaint for failure to state a claim, "a district court should

6    grant leave to amend even if no request to amend the pleading was made, unless it determines that

7    the pleading could not possibly be cured by the allegation of other facts."  *Id.* at 1130 (internal

8    quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing

9    amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

10   moving party has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

11   (9th Cir. 2008).

12   **B.    Plaintiff is Bound by Res Judicata.**

13          Judge Davila of this Court and the Ninth Circuit have previously held that TSMC cannot

14   be sued in California regarding Plaintiff's job search in 2017.  Plaintiff is bound by that decision.

15   The principle of res judicata apply to jurisdictional determinations.  *See Insurance Corp. of Ir. Ltd.*

16   *v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982).  A party is precluded from

17   relitigating personal jurisdiction if: "(1) there was a full and fair opportunity to litigate the issue in

18   the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits;

19   and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a

20   party in the previous action."  *McGiney v. Retzlaff*, No. 14-CV-01059-BLF, 2015 WL 3807671, at

21   *3 (N.D. Cal. June 18, 2015 (quoting *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010)).

22          Here, Plaintiff had a full and fair opportunity to litigate the very same issue of TSMC's

23   contacts in California in *Yih III*.  Both before Judge Davila and Ninth Circuit, Plaintiff had a full

24   opportunity to brief this same issue and Plaintiff had every incentive to "vigorously litigate"

25   personal jurisdiction over TSMC.  *See Stross v. NetEase, Inc.*, No. CV2000861 ABPJWX, 2020

26   WL 5802419, at *9 (C.D. Cal. Aug. 20, 2020).  Second, the issue of personal jurisdiction was

27   directly at issue and was "actually litigated" in Plaintiff's earlier California action.  *See Yih III*,

28   2020 WL 6290377.  Plaintiff again asserts the same causes of action for discrimination based on

United States District Court
Northern District of California

1    age, national origin, sex, and marital status, along with retaliation under Title VII, the ADEA, and

2    the FEHA.  All of these claims arose out the same nucleus of facts concerning Plaintiff's job

3    search in 2017, when TSMC interviewed Plaintiff and ultimately decided not to hire him.  In both

4    cases, the Court would have had to decide that it had jurisdiction over TSMC either by finding

5    general jurisdiction in California, or that TSMC was subject to specific jurisdiction because the

6    claims arose out of or related to TSMC's contacts with California.  Judge Davila already

7    specifically addressed these issues and dismissed the earlier lawsuit based on his finding that

8    TSMC could not be sued in California or as the alter ego of TSMC NA.  2020 WL 6290377, at *5.

9    As the decision regarding personal jurisdiction was already litigated and decided, Plaintiff is

10   estopped from relitigating that issue here.  Relitigating these same findings is specifically

11   prohibited by issue preclusion.

12          The Court finds that even if issue preclusion did not apply, Plaintiff still fails to establish

13   any basis for a finding of jurisdiction over TSMC in this district.  The court may only exercise

14   personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general

15   jurisdiction in the state where the district is located."  Fed. R. Civ. P. 4(k)(1)(A).  In California,

16   this requires assessing whether exercising personal jurisdiction over TSMA would be consistent

17   with due process.  *See* Cal. Civ. P. Code § 410.10.  Due process permits both general jurisdiction

18   for all and any claims, and specific jurisdiction for those claims that arise out of or relate to the

19   defendant's contacts with the forum.  *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).

20          The Court again finds that it lacks general personal jurisdiction over TSMC because its

21   place of incorporation and principal place of business are not within the jurisdiction.  In addition,

22   TSMC does not maintain an office within the state nor does it conduct any business here.  (*See*

23   Chao Decl. ¶¶ 4-5.)  Plaintiff's theory that either of the two subsidiaries function as alter egos of

24   TSMC also fails.  "It is well established that, as a general rule, where a parent and a subsidiary are

25   separate and distinct corporate entities, the presence of one in a forum state may not be attributed

26   to the other." *Holland America Line, Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 459 (9th

27   Cir. 2007).  Plaintiff has not alleged sufficient facts to support pleading that the companies have

28   such unity of interest and ownership that the entities' separate personalities no longer exist and

1   maintaining their separate identities would result in fraud or injustice.  *See Williams v. Yamaha*

2   *Motor Co.*, 851 F.3d 1015, 1021 (9th Cir. 2017).  Plaintiff merely alleges that TSMC uses its

3   corporate identify to procure labor for its subsidiaries and that the subsidiaries were inadequately

4   capitalized.  (Compl. ¶ 19.)  Even if those conclusory allegations were true, they do not support

5   the finding that "the parent directs the subsidiary's 'day-to-day operations' and that the 'entities

6   failed to observe their separate corporate formalities.'"  *Yih III*, 2020 WL 6290377, at *5 (quoting

7   *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1075 (9th Cir. 2015)).  In addition, there is nothing in

8   Plaintiff's newest complaint that demonstrate "that conduct amounting to bad faith makes it

9   inequitable for the corporate owner to hide behind the corporate form."  *Yih III*, 2020 WL

10   6290377, at *7 (quoting *Successor Agency to Former Emeryville Redevelopment Agency v.*

11   *Swagelok Co.*, 364 F. Supp. 3d 1061, 1082 (N.D. Cal. 2019)).

12          Further, the Court lacks specific jurisdiction over TSMC.  In order to establish specific

13   jurisdiction, the defendant must have "purposefully directed his activities" toward the forum or

14   "purposefully avail himself of the privileges or conducting activities in the forum," or "the claim

15   must be one which arises out of or related to the defendant's forum-related activities," and "the

16   exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be

17   reasonable."  *Yih III*, 2020 WL 6290377, at *7 (quoting *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,

18   874 F.3d 1064, 1068 (9th Cir. 2017)).  Plaintiff has not alleged facts suggesting that any of

19   TSMC's allegedly tortious conduct occurred in California.  Instead, Plaintiff alleges that he

20   communicated with TSMC officials based in Taiwan via Skype and participated in email

21   exchanges from his home in New York.  (Compl. ¶¶ 39-41, 47, 48, 54, 62-66.)  Plaintiff does not

22   allege that any official from TSMC took any actions in California with respect to his potential

23   hiring.  Just as in *Yih III*, Plaintiff "has failed to connect [TSMC's business] to any discriminatory

24   harm alleged in this case."  *Yih III*, 2020 WL 6290377, at *9.  Plaintiff cannot allege that TSMC's

25   conduct had effects inside of California or committed any intentional act "expressly aimed" at the

26   state causing harm that the defendant knew would be suffered here.  The business operations

27   position for which Plaintiff was considered was located in Taiwan as was the possible IT position.

28   Plaintiff cannot allege that was present in California or suffered any harm here.  Accordingly,

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1    Plaintiff fails to allege that TSMC purposefully directed its activities to California.

2         The Court finds both that Plaintiff is bound by res judicata and that the Court again

3    independently finds that it lacks both specific and general jurisdiction over Defendants.[1]

4    **C.    Failure to State a Claim.**

5         The Court finds that even if it had personal jurisdiction over Defendants, Plaintiff still fails

6    to state a claim upon which relief can be granted.  The FEHA does not apply to non-residents

7    employed outside the state of California and when the conduct complained of did not occur in

8    California.  *See Campbell v. Arco Marine, Inc*¸ 42 Cal. App. 4th 1850, 1860 (1996); *see also*

9    *Marks v. Am. Airlines, Inc.*, 313 F. App'x 933, 934 (9th Cir 2009) (holding that the FEHA does

10   not apply to non-California resident).

11        In addition, Plaintiff's allegations under Title VII and the ADEA fail to state claims upon

12   which relief can be granted.  Neither the ADEA nor Title VII apply to TSMC.  Title VII explicitly

13   states that it "shall not apply with respect to the foreign operations of an employer that is a foreign

14   person not controlled by an American employer."  42 U.S.C. § 2000e-1(c)(2).  And the

15   "prohibitions of [the ADEA] shall not apply where the employer is a foreign person not controlled

16   by an American employer."  29 U.S.C. § 623(h)(2).  As TSMC is not controlled by an American

17   employer, neither statute applies.[2]

18   **D.    Defendants' Motion for Sanctions and Motion to Declare Plaintiff a Vexatious**
     **Litigant.**

19

20        Defendants file a motion for sanctions against Plaintiff pursuant to Federal Rule of Civil

21   Procedure 11 which provides that by filing a document with the Court, an "unrepresented party

22   certifies that to the best of the person's knowledge, information, and belief, formed after an

23   inquiry reasonable under the circumstances" that (1) "it is not being presented for any improper

---

[1] Defendants TSMC North America and TSMC Technology, Inc. also move separately to dismiss based on res judicata and failure to state a claim.  The Court is bound by the previous holding regarding alter ego as well as this Court's independent finding that neither subsidiary function as an alter ego of TSMC.  Further, the statutory claims do not apply extraterritorially and are untimely.

[2] Even if either statute applied, an individual must commence an action within 90 days of receipt of a right to sue letter from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 726(e).  Here, Plaintiff received his right to sue letter on February 5, 2018.  His filing of the present suit, even tolling the time for his previous actions, is well beyond the statute of limitations.

United States District Court
Northern District of California

1  purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation";

2  (2) "the claims, defenses, and other legal contentions are warranted under existing law or by a

3  nonfrivolous argument for" modifying the law; and (3) "the factual contentions have evidentiary

4  support or, if specifically so identified, will likely have evidentiary support after a reasonable

5  opportunity for further investigation or discovery."  Defendants contend that Plaintiff's newest and

6  fourth iteration of his complaint against TSMC is sanctionable under this standard.

7          First, Defendants argue that the second filing of the complaint in this jurisdiction is

8  frivolous and inherently baseless as Judge Davila and the Ninth Circuit have already held that

9  TSMC cannot be sued in California regarding Plaintiff's job search in 2017.  Thus, although pro

10  se complaints are read liberally, Defendants assert that this newest iteration of the same factual

11  background should still be considered frivolous "if filed in the face of previous dismissals

12  involving the exact same parties under the same legal theories."  *Warren v. Guelker*, 29 F.3d 1386,

13  1390 (9th Cir. 1994).  Defendants contend that Plaintiff is familiar with the principle of res

14  judicata due to his experience in New York where he made and lost the same or similar legal

15  contentions.  Further, Defendants contend that the correct standard to apply is an objective one and

16  urge the Court to find that ignorance of the law or subjective good faith does not excuse the filing

17  of a frivolous complaint.  *See Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987).

18  Defendants further argue that the addition of the subsidiaries is without factual support and

19  allegations that they are alter egos of TSMC is both unfounded and not meaningfully different

20  from previous allegations found to be insufficient.  Defendants also argue that Plaintiff's claims

21  are clearly barred by the relevant statute of limitations in that they were filed well past the 90-day

22  window after Plaintiff's receipt of the right to sue letter from the EEOC.  Finally, Defendants

23  content that Plaintiff's allegations have changed depending upon the jurisdiction in which he has

24  filed multiple complaints about the same set of factual underpinnings, thereby creating conflicting

25  factual assertions to undergird his claims for jurisdiction in New York and California.  On these

26  bases, Defendants urge the Court to issue sanctions pursuant to Rule 11 in order to deter future

27  filings.  *See, e.g., Cook v. Peter Kiewest Sons Co.*, 775 F.2d 1030, 1037 (9th Cir. 1985) (holding

28  that monetary sanctions in the form of awarding attorney's fees was "an appropriate deterrent to

1   future frivolous suits").  Although Plaintiff's litigation strategy is unfounded, because he proceeds

2   in these matters without an attorney, the Court finds that sanctions are not an appropriate remedy.

3          However, in a separately filed motion, Defendants seek to have this Court designate

4   Plaintiff as a vexatious litigant and to impose pre-filing restrictions.  In this motion, Defendants

5   argue that Plaintiff has filed four lawsuits in the past five years, each asserting materially identical

6   claims, and each dismissed for lack of personal jurisdiction over the Taiwanese company.

7   Undeterred by former dismissals, Plaintiff again files suit in this jurisdiction compelling

8   Defendant to expend significant resources to respond to the multiple filings.  Plaintiff's latest

9   complaint is the weakest of the four, as it has already been dismissed by prior ruling and, given the

10  passage of time, farther from the permissible statute of limitations period.

11         Federal courts have "the inherent power to enter pre-filing orders against vexatious

12  litigants."  *Molski v. Evergreen Dynasty Corp.*¸ 500 F.3d 1047, 1057 (9th Cir. 2007).  "Flagrant

13  abuse of the judicial process cannot be tolerated because it enables one person to preempt the use

14  of judicial time that properly could be used to consider the meritorious claims of other litigants."

15  *Id.* (internal citation omitted).  In order to require a pre-filing order, (1) the litigant must be given

16  notice and an opportunity to be heard; (2) the district court must compile an adequate record for

17  review; (3) the district court must make substantive findings about the frivolous or harassing

18  nature of the plaintiff's litigation; and (4) the resulting order must be narrowly tailored "to closely

19  fit the specific vice encountered."  *Id.*  Here, the Court finds that with this motion, Plaintiff has

20  had an opportunity to be heard, and the record is sufficiently developed for the Court to determine

21  that Plaintiff's legal filings are numerous and frivolous.  Regarding the third requirement, that the

22  court make a substantive finding as to frivolousness or harassing nature of the litigant's conduct,

23  here Plaintiff has filed four nearly identical lawsuits concerning the same activity and Plaintiff

24  continues to litigate the issue of personal jurisdiction in various courts with the same result.  In

25  each jurisdiction, Plaintiff claims that he could have been hired to work there and such shifting

26  allegations are not only without merit, but the nature of the factual claims is suspect and harassing.

27  Lastly, Plaintiff appears pro se, which further support TSMC's request for a pre-filing injunction

28  as there is no attorney to initially screen Plaintiff's complaints and motions.  Despite the fact that

United States District Court
Northern District of California

11

the various jurisdictions have analyzed Plaintiff's complaints, Plaintiff continues to file meritless, repetitive complaints. The Court finds that earlier dismissals have "not deterred Plaintiff from continuing to file cases that lack merit" and Plaintiff's tendency "to bring cases based on the same events suggest that Plaintiff will continue to litigate – and re-litigate – cases absent a pre-filing order." *Levy v. Frist Grp./Greyhound*, No. 17-CV-00412, 2017 WL 2793810, at *4 (N.D. Cal. June 28, 2017).

Because the Court finds that all of the factors have been met, the Court GRANTS Defendants' motion to declare Plaintiff a vexatious litigant. Plaintiff is barred from filing additional actions against TSMC and its subsidiaries based on the claim that TSMC discriminated against him when refusing to hire him in 2017. Accordingly, Plaintiff is admonished not to file further complaints regarding these same facts. If he should, however, the Court will subject any future filing to an initial screening.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss, DENIES Defendants' motion for sanctions, and GRANTS Defendants' motion to declare Plaintiff a vexatious litigant. A separate judgment shall issue and the Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated: September 26, 2023

JEFFREY S. WHITE
United States District Judge